Kalman WEISS, as Assignee, Hershy Meisels, Yida Weinstock, Chaim M. Rubin, Samuel M. Stern, Moshe Herman, Binie Vizel, formerly known as Bini Schwartz, Blima Rosenfeld, formerly known as Blima Green, Herman Freund, Idy Weinberger, formerly known as Idy Samet, Devorah Herskovits, formely known as Devorah Mermelstein, Avrum Yitschok Gluck, Ester Ekstein, formerly known as Ester Zoldan, Mosha Grunfeld, Miriam Klein, formerly known as Miriam Leonorovitz, David Rubinfeld, Isaac Goldberger, Shara Yides Salamon, formerly known as Yides Rosenbaun, Chavi Engel, Rochama Askenazi, Jacob Hillman, Ar-

thur Gluck, as Assignee, Shimon Hirsch, as Parent and Natural Guardian of Moishe Hirsch, a minor, Abraham Wieder, as Parent and Natural Guardian of Leah and David Wieder, minors, Mordchai Kaufman, as Parent and Natural Guardian of Slava Kaufman, a minor, Solomon Rubin, as Parent and Natural Guardian of Mendel Rubin, a minor, Moses Epstein and Cheskel Lunger, as Parent and Natural Guardian of Shmiel Lunger, a minor, Plai ntiffs-Counter-Defendants-Appellants-Cross-Appellees,

v.

LA SUISSE, also known as La Suisse, Lebens–Versicherungs–Gesellschaft, also known as La Suisse Life Insurance Company, Lausanne and Swiss Life, also known as Swiss Life Insurance and Annuity Company, also known as Schweizerische Lebensversicherungsund Rentenanstalt, Defendants–Counter–Claimants–Appellees–Cross Appellants.

Docket No. 04–2589–CV.

United States Court of Appeals, Second Circuit.

July 22, 2005.

Nathan Lewin, Lewin & Lewin LLP, Washington, DC (Alyza D. Lewin, on the brief), for Plaintiffs-Counter-Defendants-Appellants-Cross-Appellees.

Richard N. Chassin, Becker, Glynn, Melamed & Muffly LLP, New York, N.Y. (Joseph D. Becker, Zeb Landsman, Kevin G.W. Olson), for Defendants–Counter–Claimants–Appellees–Cross–Appellants, of counsel.

Eliot Spitzer, Attorney General of the State of New York (Daniel Smirlock, Deputy Solicitor General, Robert H. Easton, Senior Assistant Solicitor General, Jean Lin, Assistant Solicitor General), for Amici Curiae State of New York and New York State Department of Insurance, of counsel.

Present: WINTER, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs-counter-defendants-appellants/cross-appellees Kalman Weiss et al. ("plaintiffs") appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, J.) dismissing plaintiffs' claim of racial discrimination under 42 U.S.C. § 1981 and all but one of plaintiffs' breach-of-contract claims after a nine-day jury trial. Defendants-counter-claimants-appellees/cross-

appellants La Suisse ("defendants" or "La Suisse") cross-appeal from the district court's post-trial judgment in favor of plaintiffs on one of their breach-of-contract claims and the court's grant of summary judgment to plaintiffs on defendants' counterclaim for fraud. We assume familiarity with the facts and procedural background of this case.

■ Plaintiffs contend that the district court erred when it instructed the jury that "to violate Section ... 1981, an action must have been taken because of racial or ethnic animus," [A 3693] and that this error "requires, at the very least, a retrial on the Section 1981 claim." [Blue 28] This Court reviews jury instructions *de novo. Hudson v. New York City,* 271 F.3d 62, 67 (2d Cir.2001). It is settled law that "a jury charge should be examined in its entirety, not scrutinized strand-by-strand," and reversal is required only in situations where this Court determines "based on a review of the record as a whole, that the error was prejudicial or the charge was highly confusing." *Warren v. Dwyer,* 906 F.2d 70, 73 (2d Cir.1990); *see also Time, Inc. v. Petersen Publ'g Co. L.L.C.,* 173 F.3d 113, 119 (2d Cir.1999); *Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1345 (2d Cir.1994).

Considered in their entirety, the jury instructions at issue were neither prejudicial nor highly confusing. Plaintiffs are correct that the district court should not have used the word "animus" when charging the jury on the § 1981 claim. To establish a violation of § 1981, a plaintiff must show that a defendant's acts were purposefully discriminatory and racially motivated. *See Albert v. Carovano,* 851 F.2d 561, 571 (2d Cir.1988); *see also Gant*

*v. Wallingford Bd. of Educ.,* 195 F.3d 134, 139–40 (2d Cir.1999). Plaintiff need not show that the defendant acted with racial animus. *See Goodman v. Lukens Steel Co.,* 482 U.S. 656, 668–69, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), superceded on other grounds by *Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 378–82, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004) (holding that liability for intentional discrimination under § 1981 requires only that decisions be premised on race, not that they be motivated by racial hostility or animus); *Ferrill v. Parker Group, Inc.,* 168 F.3d 468, 472–73 & n. 7 (11th Cir.1999) ("[R]acial animus and intent to discriminate are not synonymous.... In other words, ill will, enmity, [and] hostility are not prerequisites of intentional discrimination."). However, the district court used the word "animus" only once in a lengthy jury charge that stated the proper standard to be applied under § 1981 (that is, racially discriminatory intent) numerous times. [A 3691–94] Moreover, the court's error was harmless. *See Sanders v. New York City Human Res. Admin.,* 361 F.3d 749, 758–59 (2d Cir.2004) (declining to order new trial where erroneous jury instruction constituted harmless error). La Suisse produced voluminous evidence that when it revised the rules governing its marriage policies, it did so in a race-neutral manner, reaching all foreign marriage policies rather than distinguishing between Jewish and non-Jewish policyholders, *see Weiss v. La Suisse,* 260 F.Supp.2d 644, 647–48 (S.D.N.Y.2003), and was motivated by economic reasons, *see id.* at 651–53. Plaintiffs failed to adduce any evidence to suggest that these reasons were pretexts masking an intent to discriminate on the basis of race in violation of § 1981.[1]

---

1. The parties in this case devote substantial portions of their briefs to the question of whether the cultural practices of Hasidic Jews should be treated as racial or religious. Because plaintiffs have failed to show an intent to discriminate on either racial or religious

Plaintiffs also argue that the district court erred when, pursuant to a choice-of-law provision in the insurance policy, it applied Swiss law to plaintiffs' breach-of-contract claims. [Blue 16–17, 47–55] Plaintiffs contend that the court's application of Swiss law contravened Article 120 of the Swiss Federal Private International Law Act, N.Y. Insurance Law § 3103(b), and § 192 of the *Restatement (Second) of Conflict of Laws*. [Blue 47–55] None of these contentions is viable. First, for the reasons stated by the district court, Article 120 "is a conflicts of law provision under Swiss law, not a rule of substantive law." *Weiss v. La Suisse*, 293 F.Supp.2d 397, 401 (S.D.N.Y.2003) (citing testimony to this effect by plaintiffs' own expert witness). [A 2352, 2359] It is settled law that "New York courts look to New York and not foreign conflicts provisions" in order to avoid the prospect of renvoi. *Id.* (citing *Anderson v. SAM Airlines*, 939 F.Supp. 167, 175 (E.D.N.Y.1996) and *Siegelman v. Cunard White Star, Ltd.*, 221 F.2d 189, 194 (2d Cir.1955)). Thus, Article 120 is not applicable in this case. Second, plaintiffs concede that they did not raise N.Y. Insurance Law § 3103(b) before the district court. [Blue 51] This Court generally refrains from considering arguments raised for the first time on appeal. *See Baker v. Dorfman*, 239 F.3d 415, 420 (2d Cir.2000). We see no reason to make an exception in this case, for plaintiffs have failed to adduce any evidence to suggest that the application of New York, rather than Swiss, law would have yielded a different result in this case. *See IBM Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 143 (2d Cir.2004) ("Choice of law does not matter . . . unless the laws of the competing jurisdictions are actually in conflict."); *Harris v. Provident Life and Accident*

*Ins. Co.*, 310 F.3d 73, 81 (2d Cir.2002) ("[T]he first step in any choice of law inquiry is to determine whether there is an 'actual conflict' between the laws invoked by the parties." (citing *In re Allstate Ins. Co.*, 81 N.Y.2d 219, 223, 597 N.Y.S.2d 904, 613 N.E.2d 936 (1993))). Third, Comment *e* to § 192 of the *Restatement (Second) of Conflict of Laws* states that "effect will not be given to a choice of law provision in a life insurance contract designating a state whose local law gives the insured less protection than he would receive under the otherwise applicable law." [Blue 49] Because plaintiffs presented no evidence that Swiss law afforded them less protection than they would have received under New York law, this provision does not apply here.

On cross-appeal, defendants assert that the district court erred when it instructed the jury that it "must look to the terms and conditions of the policy" in order to determine whether La Suisse's offset to benefits for unpaid premiums was permissible, and that if the policy did not provide for offsets, jurors could not "interpolate such a term into the contract." [Red 53–54; A 3700–01] Defendants argue that this instruction "flatly contradicts" their Swiss law expert's opinion that La Suisse's offset was permissible, [Red 54] but as the district court judge noted at trial when defendants objected to the instruction, defendants "cited . . . no Swiss law that suggests that the jury is allowed to interpolate terms where a contract is silent." [A 3675; Trial Tr. 1238] Having failed to provide the district court with Swiss law permitting offsets to benefits where a contract is silent on this issue, defendants have no basis for impugning the court's jury instructions.[2]

---

grounds, we need not reach this question here.

**2.** La Suisse argues that its Swiss law expert submitted a report to the district court stating

La Suisse also cross-appeals from the district court's grant of summary judgment to plaintiffs on defendants' counterclaim for fraud. *See Weiss v. La Suisse*, 161 F.Supp.2d 305, 313–19 (S.D.N.Y.2001). For the reasons stated by the district court, *id.* at 317–19, La Suisse failed to adduce sufficient evidence that it had been defrauded by plaintiffs or by brokers deputized as plaintiffs' agents to allow this counterclaim to survive summary judgment.

We have considered the parties' remaining arguments and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

that Article 92 of the Swiss Code of Obligations permitted La Suisse to offset benefits due policyholders and that the district court was obligated to adopt this expert's interpretation of Swiss law. However, in his discussion of the offset, La Suisse's expert cited Article 92 of the Swiss Code of Obligations solely for the proposition that under Article 92, the policyholders could have discharged their obligations by depositing the money owed to La Suisse in "an appropriate deposit, such as a bank." [A 1189] This proposition does not address the permissibility of offsets under Swiss law in cases where contracts are silent on this issue.